MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California  93721
Telephone:  (559) 487-5002
Telecopier:  (559) 487-5030

Attorneys for Plaintiff, August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>WILLIAM MATTHEW FERRALES,<br><br>Debtor.<br>_____<br>AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>Plaintiff,<br>v.<br><br>WILLIAM MATTHEW FERRALES,<br><br>Defendant.<br>_____ | Case No. 11-11051-B-7<br>Chapter 7<br><br><br><br><br><br>A.P. No. 11-01044-B<br><br>Date:  April 12, 2011<br>Time:  10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>       Department B, Courtroom 12<br>       2500 Tulare Street<br>       Fresno, California<br>Judge: W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFAULT JUDGMENT ON COMPLAINT TO (1) DISMISS CHAPTER 7 CASE WITH PREJUDICE AND (2) ENJOIN DEBTOR FROM FILING BANKRUPTCY FOR TWO YEARS**

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE:

On April 12, 2011, the initial status conference was heard on the United States Trustee's Complaint To (1) Dismiss Chapter 7 Case With Prejudice And (2) Enjoin Debtor

From Filing Bankruptcy For Two Years. Gregory S. Powell appeared for the United States Trustee. Defendant, William Matthew Ferrales, did not appear. No answer or responsive pleadings have been filed. Having reviewed the pleadings, the Court sua sponte ordered default judgment, and now issues the following findings of fact and conclusions of law.

### Findings of Fact

1. This proceeding relates to *In re William Matthew Ferrales*, Case No. 11-11051-B-7, a chapter 7 case filed on January 31, 2011, in the United States Bankruptcy Court for the Eastern District of California, Fresno Division (the "Fresno Division"). The Defendant represented himself *pro se*.

2. The Defendant filed three chapter 7 bankruptcies in less than five months.

3. The first case was filed on September 29, 2010. William Matthew Ferrales aka Bill Ferrales filed a *pro se* chapter 7 bankruptcy, case number 10-61214-B-7, in the Fresno Division. The voluntary petition was handwritten and none of the required schedules or statements were filed. The Court issued a Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents were Not Timely Filed ("NOID"). The court filing fee was paid in full. On October 18, 2010, the Court issued an Order Dismissing Case for Failure to Timely File Documents.

4. The second case was filed on November 29, 2010. William Matthew Ferrales aka Bill Ferrales filed a *pro se* Chapter 7 bankruptcy, case number 10-63668-A-7F, in the Fresno Division. Again, the voluntary petition was handwritten and none of the required schedules or statements were filed. The defendant did not disclose filing a previous bankruptcy case on his Voluntary Petition. The court filing fee was paid in full. The Court issued a NOID, and on December 17, 2010, the Court issued an Order Dismissing Case for Failure to Timely File Documents.

5. The third case was filed on January 31, 2011. William Matthew Ferrales filed a *pro se* Chapter 7 bankruptcy, case number 11-11051-B-7F, in the Fresno Division. The voluntary

petition was handwritten and none of the required schedules or statements were filed. The court filing fee was paid in full. The defendant did not disclose filing two previous bankruptcy cases on his Voluntary Petition. The Court issued a NOID, and on February 18, 2010, the Court issued an Order Dismissing Case for Failure to Timely File Documents.

6. On February 11, 2011, an order was entered in this case retaining jurisdiction over any action by the United States Trustee relating to 11 U.S.C. § 707(b)(3)(A).

## Conclusions of Law

7. The United States Trustee is responsible for supervising the administration of cases under chapter 7 of the Bankruptcy Code and has standing to file this Motion. 28 U.S.C. §586(a)(3)(A); 11 U.S.C. §307.

8. Under 11 U.S.C. § 707(b)(1), the court may dismiss a case if the court finds that a debtor has filed a petition in bad faith pursuant to 11 U.S.C. § 707(b)(3)(A). Section 707(b)(3)(A) provides that:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provision of this chapter in a case in which the presumption in subparagraph (A)(I) of such paragraph does not arise or is rebutted, the court shall consider –
>
> (A) whether the debtor filed the petition in bad faith; ...

9. "[G]ood faith requires a showing of an honest intention." *In re Marks*, 174 B.R. 37, 40 (Bankr. E.D. Pa. 1994)(citations omitted). The bad faith must be such that it so taints the filing for chapter 7 relief that the debtor is deemed unworthy of receiving any part of that relief. *In re Khan*, 172 B.R. 613, 620 (Bankr. D. Minn. 1993)(citations omitted).

10. In *In re Mitchell*, the court held that the standards for bad faith dismissal used in Chapter 11 and Chapter 13 cases should be used in determining whether the debtor has acted in bad faith in chapter 7, to the extent possible. *In re Mitchell,* 357 B.R. 142, 153-54 (Bankr. C.D. Cal. 2006). By borrowing from the Ninth Circuit's "substantial abuse" test and from the bad faith criteria applicable in Chapter 11 and Chapter 13 cases, the court in *Mitchell* set out a non-

exclusive list of factors to be considered in determining whether a chapter 7 case should be dismissed pursuant to 11 U.S.C. § 707(b)(3), including "whether the debtor has a history of bankruptcy petition filings and case dismissals". *Mitchell*, at 153 - 155; *see also In re Price*, 353 F.3d 1135, 1139-1140 (9th Cir. 2004), *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999), and *In re Marshall*, 298 B.R. 670, 681 (Bankr. C.D. Cal. 2003).

11. In addition to the factors cited by the *Mitchell* court, the court in *In re Leavitt* indicated that, whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the petition in an inequitable manner, should also be considered. *In re Leavitt*, 171 F.3d 1219 at 1224.

12. Neither malice nor fraudulent intent by the debtor is required for a finding of bad faith. *In re Mitchell,* 357 B.R. at 155.

13. The defendant's serial skeletal filings coupled with dismissals and his failure to file the documents required under Federal Rules of Bankruptcy Procedure 1007 in every case, constitute bad faith and warrant dismissal of this case with prejudice.

14. 11 U.S.C. § 109(g) provides in pertinent part:

> No individual may be a debtor who was a debtor in a case pending 180 days prior to the filing of the instant case if (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case...

11 U.S.C. §109(g)(1).

15. The defendant's willful filing of three chapter 7 bankruptcy cases within a five month period and his willful failure to file required bankruptcy documents in every case not only constitutes grounds for dismissal 11 U.S.C. § 707(b)(3)(A), but also constitutes "willful failure to appear" before the Court in proper prosecution of the case within the meaning of 11 U.S.C. §109(g). *In re Huerta*, 137 B.R. 356, 375 (Bankr. C.D. Cal. 1992) quoting *In re King*, 126 B.R. 777, 780-81 (Bankr. N.D. Ill. 1991).

/ / /

16. The case of a debtor who frequently files bankruptcy petitions may also be dismissed with a bar on future filings. *See e.g., In re Armwood*, 175 B.R. 779 (Bankr. N.D. Ga. 1994) (Debtor's fifth chapter 13 petition dismissed with prejudice with 180 day bar on filing); *In re Gros*, 173 B.R. 774 (Bankr. M.D. Fla. 1994) (Debtor's fifth bankruptcy filing in 25 months dismissed with prejudice with bar on future filing without leave of court); *In re Standfield*, 152 B.R. 528, (Bankr. N.D. Ill. 1993) (One of Debtor's two simultaneously pending cases dismissed with prejudice with 180 day bar on filing); *In re Stathatos*, 163 B.R. 83 (N.D. Tex. 1993) (Debtor's fourth bankruptcy case dismissed with prejudice with two year bar on filing); *In re Earl*, 140 B.R. 728 (Bankr. N.D. Ind. 1992) (Debtor's fourth chapter 13 case dismissed with 180 day bar on future filing under §105); *In re Jolly*, 143 B.R. 383 (E.D. Va. 1992), aff'd 45 F.3d 426 (4th Cir. 1994) (Debtor's seventh bankruptcy case dismissed with prejudice with 180 day bar on filing); *In re Bradley*, 38 B.R. 425 (Bankr. C.D. Cal. 1984) (Debtor's fourth bankruptcy filing in one year dismissed with prejudice and six month bar on filing).

17. The defendant in this case filed three skeletal bankruptcy petitions in less than five months. Defendant's pattern of filings followed by dismissal strongly indicates he does not have the ability or intent to seek a discharge under chapter 7, and shows that bankruptcy is being used for the sole purpose of delaying creditors. His behavior demonstrates bad faith and an intent to abuse the system.

### Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

1. This case will be dismissed with prejudice; and

/ / /

/ / /

/ / /

/ / /

2. The defendant, William Matthew Ferrales, shall be barred from filing another bankruptc y petition within two years from the date of the dismissal.

A separate order shall be entered.

Dated: April 29, 2011

_____
W. Richard Lee
United States Bankruptcy Judge